UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-cv-61109-Dimitrouleas/Hunt

**PREPARED FOOD PHOTOS, INC.,**   )
                                  )
    Plaintiff,              )
                                  )
v.                                )
                                  )
**CATAYU TAMARAC, INC.,**         )
                                  )
    Defendant.              )

**ANSWER TO COMPLAINT**

    Defendant Catayu Tamarac, Inc., through undersigned counsel, answers the Complaint and states:

    1.    Defendant admits the allegations of paragraphs 2, 3, 4, 5, 14, and 15 of the Complaint.

    2.    Defendant is without knowledge of the allegations of paragraphs 1, 6, 7, 8, 9, 10, 11, 12, and 13 of the Complaint, and demands strict proof thereof.

    3.    Defendant denies each and every remaining allegation of the Complaint.

    4.    As affirmative defenses, Defendant states:

        a.    The alleged work lacks sufficient originality to qualify for copyright protection.

        b.    Defendant was not aware and had no reason to believe that its acts constituted an infringement of copyright.

        c.    Plaintiff's alleged communications giving notice of infringement were ineffective and were never received or seen by Defendant.

  d. Upon actual receipt of notice of infringement, Defendant promptly removed the subject image from its website and/or social media.

  e. Defendant's use of the alleged copyrighted work was fair use, as its use was as a generic illustration of Defendant's goods, Plaintiff's copyrighted image has little creativity and any copyright in the image is very narrow, the image at issue is an extremely small portion of Plaintiff's library, and Defendant's use did not harm the existing or future market for the copyright owner's original work.

  f. Plaintiff's alleged terms of licensing are unreasonable and inappropriate for the determination of damages in this case.

  g. Plaintiff's claim is barred by the doctrine of laches. Plaintiff alleges that the infringement began on August 9, 2022, but waited almost two years to file this action in order to inflate the claimed damages to the Defendant's detriment.

  h. Plaintiff's claim is barred by the doctrine of unclean hands. Plaintiff alleges that the infringement began on August 9, 2022, but waited almost two years to file this action in order to inflate the claimed damages to the Defendant's detriment.

Respectfully submitted,

**/s/David M. Rogero/**
**David M. Rogero, Esq.**
Florida Bar No. 212172
David M. Rogero, P.A.
113 Almeria Avenue
Coral Gables, FL 33134
Telephone: 305-441-0200
E-mail: dmrogero@dmrpa.com;
yhayala@dmrpa.com

*Attorney for Defendant Catayu Tamarac, Inc.*

**CERTIFICATE OF SERVICE**

      I certify that on August 19, 2024, I filed the foregoing document and that a true copy was served on the following persons through the Court's CM/ECF facility:

Lauren M. Hausman
Daniel DeSouza
Copycat Legal PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com; lauren@copycatlegal.com


/s/David M. Rogero/